UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENITO HERNANDEZ MARTINEZ,

Petitioner,

v.

CAMMILLA WAMSLEY, *et al.*,

Respondents.

Case No. C26-3499-SKV

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed, through counsel, this 28 U.S.C. § 2241 habeas action, challenging his November 7, 2025, warrantless arrest by ICE as violative of the Fourth Amendment and the Immigration and Nationality Act ("INA"). Dkt. 1, ¶ 1. He also challenges a subsequent December 15, 2025, bond denial, arguing the immigration judge's ("IJ") decision "lacked a reasonable foundation or an objective rationale and was therefore an abuse of discretion in violation of the Fifth Amendment. *Id.* ¶ 2. He seeks release and injunctive relief prohibiting the government from redetaining him without first satisfying certain criteria. *Id.* at 32.

Respondents filed a return memorandum (Dkt. 6) together with declarations from U.S. Department of Homeland Security ("DHS") Deportation Officer Nhat Truong (Dkt. 7) ("Truong Decl.") and their counsel Jennifer Wong (Dkt. 8) ("Wong Decl."). Petitioner filed a traverse in reply. Dkt. 9.

Having reviewed the parties' submissions and the governing law, the Court DENIES the petition (Dkt. 1) for the reasons set forth below.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico, who first entered the United States on February 9, 2006, near San Luis, Arizona without inspection or admission. Truong Decl., ¶¶ 3-4. He was apprehended by Customs and Border Protection ("CBP") and subsequently granted voluntary return to Mexico. *Id.* ¶ 4.

Petitioner reentered the United States on or about September 2, 2022, near Nogales, Arizona without inspection or admission. *Id.* ¶ 5; Dkt. 1, ¶ 40. Petitioner asserts that he has lived in the United States for more than 19 years and states that his 2022 re-entry to the United States was after a brief trip to Mexico. Dkt. 1, ¶ 40.

On November 7, 2025, ICE arrested Petitioner during a "targeted enforcement operation in Anchorage, Alaska." Truong Decl., ¶ 7. ICE Enforcement and Removal Operations ("ERO") served Petitioner with a Notice to Appear ("NTA"), charging him as removable under the INA. *Id.* ¶ 8. Petitioner was transferred to the NWIPC on November 10, 2025. *Id.* ¶ 10.

On November 20, 2025, Petitioner sought habeas relief in this District, arguing that his mandatory detention under 8 U.S.C. § 1225(b)(2) was unlawful. *Id.* ¶ 11; *see Dominguez v. Hermosillo*, No. C25-2337-TMC, 2025 WL 3537627, at *2 (W.D. Wash. Dec. 10, 2025) ("*Hernandez Martinez I*"). The Honorable Tiffany M. Cartwright found Petitioner subject to

discretionary detention under 8 U.S.C. § 1226(a) as a Bond Denial Class member as defined in *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1309 (W.D. Wash. 2025), *aff'd sub nom. Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). *Id.* The court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) within 14 days. *Id.* at *2-3.

The immigration court held the bond hearing ordered in *Hernandez Martinez I* on December 15, 2025. Truong Decl., ¶ 14. The IJ found Petitioner posed a risk of flight and denied bond. *Id.* Petitioner filed an appeal of the IJ's bond denial with the Board of Immigration Appeals ("BIA") on January 5, 2026. *Id.* ¶ 17.

On February 6, 2026, the immigration court ordered Petitioner removed to Mexico or, alternatively, to Honduras or Ecuador. Dkt. 1-8 at 12. Petitioner filed an appeal of the removal order with the BIA on February 18, 2026, which remains pending as of October 5, 2026. Truong Decl., ¶ 19.

On May 4, 2026, Petitioner again sought habeas relief in this District, this time without the assistance of counsel. *Hernandez Martinez v. ICE Field Off. Dir.*, No. C26-1540-LK, ECF No. 1 (W.D. Wash. May 4, 2026) ("*Hernandez Martinez II*"). On June 1, 2026, the Honorable Lauren King terminated the petition, without a written order, finding Petitioner failed to timely respond to the court's Order to Show Cause why the petition should not be dismissed for failing to name a proper respondent.

On June 15, 2026, Petitioner appeared *pro se* and filed his third habeas petition in this District. *Hernandez Martinez v. Scott*, No. C26-2098-JHC, 2026 WL 2032522 (W.D. Wash. July 13, 2026) ("*Hernandez Martinez III*"). The court in that case acknowledged it was "possible that Petitioner seeks to raise a constitutional challenge to the immigration judge's (IJ) bond denial that occurred on December 15, 2026[,]" but found it "difficult to discern the causes

of action that Petitioner, who proceeds pro se, seeks to invoke." *Id.* at *1. The court further found that "even if [it] were to make this assumption, Petitioner allege[d] no facts that would allow the [c]ourt to find abuse of discretion by the IJ." *Id.* (citations omitted). The petition was denied. *Id.*

Petitioner filed the instant petition, through counsel, on September 18, 2026. Dkt. 1.

## II. LEGAL STANDARDS

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). A petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Petitioner raises four claims. First, he asserts the government violated the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)(i)-(ii) when they arrested him without probable cause and without first considering whether he was likely to escape before they could obtain a warrant. Dkt. 1, ¶¶ 110-12. Second, Petitioner contends his warrantless arrest also violated his due process rights under the Fifth Amendment when assessed under the three-part framework articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* ¶¶ 113-18. Next, Petitioner asserts the IJ's bond denial was an abuse of discretion that violated 8 U.S.C. § 1226(a) and implementing federal regulations. *Id.* ¶¶ 119-23. Finally, he relatedly asserts the IJ's bond denial was a violation of his due process rights under the Fifth Amendment because his detention

does not "bear a reasonable relation to the purpose for which [he] was committed." *Id.* ¶¶ 124-29 (quotations omitted).

Respondents contend that Petitioner's warrantless arrest claim under the Fourth Amendment is "not cognizable in habeas." Dkt. 6 at 6. As for Petitioner's challenge to the IJ's bond decision, Respondents contend it is barred by the abuse of writ doctrine. *Id.* at 7. Respondents further contend that the merits of Petitioner's bond challenge should not be reached because he has not exhausted his administrative remedies pending before the BIA. *Id.* at 8-12.

**A. The Abuse of Writ Doctrine Bars Petitioner's Claims**

This is Petitioner's fourth habeas petition in this District. Thus, the Court must first resolve whether Petitioner is barred from raising any of his current claims under the abuse of writ doctrine.

"The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation and quotation marks omitted). The doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991). "[T]o determine whether [a claim] is 'second or successive,' [we] must look to the substance of the claim ... and decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application." *Brown v. Muniz*, 889 F.3d 661, 674 (9th Cir. 2018) (quoting *Magwood v. Patterson*, 561 U.S. 320, 346 (2010) (Kennedy, J. dissenting)). "A petitioner had no fair opportunity to raise the claim in the prior application if (1) the claim was not yet ripe at the time of the first petition, or (2) where the alleged violation occurred only after the denial of the first petition." *Eldridge v. Howard*, 70 F.4th 543, 552 (9th Cir. 2023) (citation modified).

Under the doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim. *See McCleskey*, 499 U.S. at 494–95.

The government bears the burden of initially showing "with clarity and particularity petitioner's prior writ history, identif[ying] the claims that appear for the first time, and alleg[ing] that petitioner has abused the writ." *Id.* at 494. If the government carries its burden, the burden shifts to the petitioner "to disprove abuse[.]" *Id.* "To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in [courts'] procedural default decisions." *Id.*

Here, Petitioner's claims can be properly characterized as challenging the lawfulness of his November 7, 2025, arrest (Dkt. 1, ¶¶ 110-18) and his December 15, 2025, bond hearing (*id.* ¶¶ 119-29). The question then is whether Petitioner raised, or could have raised, those claims in any prior petition. Respondents provide Petitioner's prior writ history and assert that Petitioner's claims could have been raised in his three previous petitions. Truong Decl., ¶¶ 11, 13, 20-22; Dkt. 6 at 7-8.

Turning to Petitioner's claims challenging his ICE arrest, the Court finds those claims were ripe and could have been raised in his first petition in *Hernandez Martinez I*. Petitioner was arrested on November 7, 2025, and filed his first habeas petition on November 20, 2025. Truong Decl., ¶¶ 7, 11. In *Hernandez Martinez I*, it appears Petitioner challenged his mandatory detention under § 1225(b) and argued he was instead entitled to a bond hearing under the discretionary detention authority under § 1226(a). 2025 WL 3537627, at *1. Petitioner could have also challenged his arrest under the Fourth Amendment and applicable statutes and

regulations, as he does here, but focused his petition on establishing a statutory right to a bond hearing. *See* Dkt. 9 at 7 ("[T]he first habeas petition sought bond hearings and no other relief for all nine individual[] [habeas petitioners]."); *see id.* ("There is no indication in the decision that the Petitioners sought any other relief other than bond hearings."). Accordingly, Respondents contend that Petitioner is barred from relitigating challenges to his detention. Dkt. 6 at 8.

In his traverse, Petitioner counters that the instant petition "does not raise claims that could have been raised in his first habeas petition [because] no bond hearing had yet taken place." Dkt. 9 at 7. While this may be true with respect to claims arising from his purportedly deficient bond hearing, which occurred after *Hernandez Martinez I* was decided, it is not true with respect to claims arising from his arrest or detention. That occurred thirteen days before his first habeas petition, which put Petitioner in the position of raising those then-ripe claims in *Hernandez Martinez I*. Because Petitioner does not otherwise explain why he was unable to challenge his arrest in his first habeas petition, the Court agrees that his arrest claims are barred under the abuse of writ doctrine.

Turning to Petitioner's remaining bond hearing challenges, Respondents similarly assert that Petitioner is barred from relitigating the bond hearing because the court already denied a related claim in *Hernandez Martinez III*. Dkt. 6 at 8. The Court again emphasizes the relevant chronology. Petitioner's bond hearing occurred on December 15, 2025. Petitioner filed *Hernandez Martinez II* on May 4, 2026, and *Hernandez Martinez III* on June 15, 2026. This timeline demonstrates that Petitioner could have raised a challenge to his bond hearing in his second or third habeas petitions.

Petitioner acknowledges *Hernandez Martinez II* was dismissed after he "did not respond to the Court's order . . . by the required date." Dkt. 1, ¶ 56. Petitioner also acknowledges that

the court dismissed *Hernandez Martinez III* after finding "it [was] difficult to discern the causes of action that Petitioner seeks to invoke." *Id.* Thus, asserts Petitioner, they are not barred under the doctrine because "the claims brought in this petition have not been raised previously." Dkt. 9 at 8.

However, the question is not just whether the claims were previously raised; it is whether they could have been raised at all. *Compare Mendoza Araiza v. Hernandez*, No. C26-1892-LK, 2026 WL 2071149, at *4 (W.D. Wash. July 17, 2026) (finding habeas petitioner had "all the necessary facts" when he filed his second habeas petition challenging his bond decision, and subsequently dismissing his third petition under the abuse of writ doctrine) (quoted source omitted), *with De La Torre Ferretiz v. Hernandez*, No. C26-2235-JHC, 2026 WL 2123037, at *2 (W.D. Wash. July 23, 2026) (finding "[p]etitioner could not have raised [the instant] claim in the first habeas petition, because the IJ had not yet issued her bond redetermination decision . . . when that petition was filed"). Here, because the purportedly constitutionally deficient bond hearing pre-dated both *Hernandez Martinez II* and *III*, Petitioner had all the necessary facts to challenge his bond hearing in either of those petitions.

Moreover, Petitioner does not assert, in either his initial petition or his traverse in reply, that either prejudice or a fundamental miscarriage of justice would result from the Court's failure to entertain his claim. *See generally* Dkts. 1, 9. Instead, Petitioner seeks only to distinguish authority cited by Respondents. Dkt. 9 at 7-9 (first citing *Brown*, 889 F.3d at 667, then citing *Burapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000)).

Petitioner asserts that neither *Brown*, nor *Burapind* support Respondents' argument that he has failed to identify an exception as to why his successive petition should be entertained because "*Brown* . . . applies to habeas petitions involving state court criminal prisoners under . . .

§ 2254", and *Burapind* held "that the bar in 28 U.S.C. § 2244 does not apply to immigration habeas cases brough under § 2241." Dkt. 9 at 7-8. Petitioner contends that "[c]ases from this [D]istrict say the same." *Id.* at 8 (citing *Ulin Valdez v. Warden, Nw. Processing Ctr.*, No. C26-1943-TMC, 2026 WL 2083270 (W. D. Wash. July 20, 2026)).

Petitioner is correct, but those cases only stand for the recognition that the statutory bar against successive petitions under § 2244(a) does not apply in immigration habeas petitions under § 2241. As recognized by the Ninth Circuit, the common law abuse of the writ doctrine may apply to successive habeas petitions filed under § 2241. *Alaimalo,* 645 F.3d at 1049. In other words, as the court in *Ulin Valdez* stated: "Rather than a hard-and-fast rule such as the one prescribed by § 2244, courts in the immigration context are guided primarily by whether a petitioner can "show cause for failing to raise" a claim in a prior petition." 2026 WL 2083270, at *2. Petitioner therefore carries the burden under the common law of showing cause why he failed to raise his claims in his earlier petitions, which he has not done here.

Finally, Petitioner seeks to distinguish *Sossa Azogue De Cuellar v. Dep't. of Homeland Sec.*, No. C26-1971-MLP, 2026 WL 2123014 (W.D. Wash. July 23, 2026), cited by Respondents, but that case supports the Court's decision. In that case, the court found that the petitioner did not identify any claim "that was unripe at the time of the [f]irst [p]etition or that arose only after she filed it . . . [n]or [did] she explain why she could not have raised all of her present arguments . . . in the [f]irst [p]etition[.]" *Id.* at *2 (citing *Eldridge*, 70 F.4th at 552). As noted above, Petitioner's first and second causes of action were ripe before Petitioner's first, second, and third habeas petitions, but were not raised. And Petitioner's third and fourth causes of action were ripe before Petitioner's second and third habeas petitions.

Petitioner filed *Hernandez Martinez II* and *III* without the assistance of counsel, but that alone is insufficient to show cause why a successive habeas petition should proceed. *See Datis v. Blanche*, No. C26-2765-KKE, 2026 WL 2731571, at *3 (W.D. Wash. Sept. 16, 2026) ("Although the Court recognizes the difficulty of representing oneself, a petitioner does not enjoy unlimited opportunities to seek habeas relief[.]"). Further, Petitioner *is* represented here and has failed to argue that either prejudice or a manifest injustice would result from the Court's failure to entertain the instant petition. *See generally* Dkts. 1, 9; *cf. Guerrero Espinosa v. Warden N.W. ICE Process. Ctr.*, No. C26-2867-JHC, 2026 WL 2902258, at *3 (W.D. Wash. Sept. 28, 2026) (finding petitioner "has shown cause and prejudice sufficient to excuse the successive petition").

Because Petitioner has not shown sufficient cause to justify a successive petition that alleges claims that were ripe prior to his first habeas petition (Claims I and II), as well as his second and third habeas petitions (Claims III and IV), the instant petition is denied under the abuse of writ doctrine. The Court therefore does not address the underlying merits of Petitioner's claims, or Respondents' arguments in response.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the petition (Dkt. 1).

Dated this 23rd day of October, 2026.

S. KATE VAUGHAN
United States Magistrate Judge